IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| T.C. HULETT, JR.,<br><br>                    Plaintiff,<br><br>v.<br><br>ADVENTHEALTH SHAWNEE MISSION, et al.,<br><br>                    Defendants. | Case No. 24-CV-4040-TC-TJJ |

**ORDER**

This matter is before the Court on *pro se* Plaintiff's Motion to Seal Documents (ECF No. 7). Plaintiff requests that all documents in this case be sealed to protect his medical information. Plaintiff argues protection of his medical privacy qualifies as a compelling reason for sealing all the case records, and, if this sensitive information is not sealed and publicly available, it will continue to lead to prejudice and harassment against him.

There is a longstanding common-law right of public access to judicial records.[1] This right "is fundamental to the democratic state" and preserves "the integrity of the law enforcement and judicial processes" by allowing the public to see how courts make their decisions.[2] The right of access is not absolute, but the party seeking to seal a judicial record must show "some significant interest that outweighs" the public interest in access to the records.[3] This burden is "heavy," and

---

[1] *McWilliams v. Dinapoli*, 40 F.4th 1118, 1130 (10th Cir. 2022).

[2] *Id.* (citing *United States v. Bacon*, 950 F.3d 1286, 1297 (10th Cir. 2020)).

[3] *Id.* (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

sealing is appropriate only when the interest in confidentiality is "real and substantial."[4] A party overcomes the presumption in favor of access to judicial records by articulating a real and substantial interest that justifies depriving the public of access to the records that informs the court's decision-making process.[5]

The Court finds that Plaintiff has a significant privacy interest in his confidential medical records as they may contain his protected health information. Disclosure of Plaintiff's unredacted medical records would be sufficient to establish a real and substantial private harm that would overcome the public's right of access to judicial records.[6] Plaintiff, however, has not alleged a real and substantial interest that would overcome the presumption in favor of public access to judicial records and justify placing **all** the documents already filed in this case under seal. Instead, Plaintiff must comply with the procedures for filing a motion to seal or redact documents, set forth in D. Kan. Rule 5.4.2, for each specific document he seeks to file under seal or redacted.

The Court has reviewed the six docket filings to date and notes that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) and his Affidavit of Financial Status (ECF No. 3-1) are already filed under seal. The one photograph of a medical record (ECF No. 1-2) Plaintiff attached to his complaint appears to have already been redacted. The other documents and photographs Plaintiff attached to his complaint do not appear to be medical records or contain

---

[4] *Id.* at 1130–31.

[5] *Brown v. Flowers*, 974 F.3d 1178, 1187–88 (10th Cir. 2020) (quotations omitted).

[6] *See United States v. Dewey,* No. 14-10059-JWB, 2022 WL 1500663, at *1 n.1 (D. Kan. May 12, 2022) (granting motion to seal pages containing medical records). *See also Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the U.S. District Court for the District of Kansas (Civil Cases)*, at 18–19 ("[P]arties may modify or partially redact other confidential information as permitted by the court (e.g., driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information.)").

sensitive health care information. The Court will therefore deny Plaintiff's motion without prejudice. If there is a particular document already filed in the record that Plaintiff contends should be filed under seal or portions of it redacted from public view, he may file another motion identifying the specific document and explaining why that particular document should be filed under seal or why portions of it should be redacted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Seal Documents (ECF No. 7) is denied without prejudice.

A copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated July 29, 2024, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U.S. Magistrate Judge