IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

T.C. HULETT, JR.,

           Plaintiff,

v.

ADVENTHEALTH SHAWNEE MISSION, et al.,

           Defendants.

Case No. 24-CV-4040-TC-TJJ

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se,* filed a Civil Complaint (ECF No. 1) alleging civil rights violations from an emergency room visit at Advent Health Shawnee Mission, d/b/a Shawnee Mission Medical Center on May 11, 2022. Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 5.) This matter is currently before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 32).

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[1] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[2] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[3] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[4] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[5] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

Plaintiff states in support of his motion that he experiences chronic homelessness without a fixed nighttime residence and lacks transportation. He also states he has been in and out of the emergency room with physical injuries, does not have a computer or daily access to the internet, and has to write letters on paper by hand. Plaintiff also states he made diligent efforts to obtain

---

[3] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[4] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[5] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

counsel on his own, but does not indicate the names of any attorneys, law firms, or legal aid organizations that he conferred with regarding legal representation.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors and concludes the factors do not warrant the appointment of counsel for Plaintiff at this time. A review of Plaintiff's filings to date shows that he appears capable of adequately representing himself at this early stage of the proceedings. The factual and legal issues do not appear overly complex. Although the Court recognizes that Plaintiff's circumstances make litigating his case challenging, he has repeatedly shown himself to be capable of litigating the multiple cases he has filed in this District despite those circumstances.[6] Plaintiff has not demonstrated any reason why he would be unable to investigate the facts and present his claims to the Court himself in this case, particularly given the liberal standards governing *pro se* litigants. Finally, although Plaintiff's claims have survived initial screening under 28 U.S.C. § 1915, Defendants have filed motions to dismiss Plaintiff's claims. A ruling on these pending motions may result in dismissal of some or all of Plaintiff's claims against Defendants. While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision – for example, until after resolution of dispositive motions – in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[7] The Court

---

[6] *See, e.g.,* Cases 24-cv-2218-EFM-ADM; 24-cv-2387-TC-ADM; 22-cv-4065-DDC-BGS; 23-cv-1023-EFM-KGG; 23-cv-1026-HLT-KGG; 24-cv-1090-EFM-ADM; 24-cv-1200-HLT-TJJ.

[7] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).

therefore denies Plaintiff's motion, but without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 32) is denied without prejudice.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff.

Dated January 3, 2025, in Kansas City, Kansas.

                                                                        *Teresa J. James*
                                                                        Teresa J. James
                                                                        U. S. Magistrate Judge